**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**





WALTER P. BRADY, Individually And On
Behalf of All Others Similarly Situated,

                Plaintiff,-

      v.

MECOX LANE LIMITED, NEIL NANPENG
SHEN, JOHN J. YING, PAUL BANG ZHANG,
ALFRED BEICHUN GU, KELVIN KENLING
YU, ANTHONY KAI YIU LO, DAVID JIAN
SUN, UBS AG, CREDIT SUISSE SECURITIES
(USA) LLC, OPPENHEIMER & CO. INC. and
ROTH CAPITAL PARTNERS, LLC,

                Defendants.

) Civil Action No.
)
)
) CLASS ACTION COMPLAINT
)
)
)
)
) **JURY TRIAL DEMANDED**
)
)

Plaintiff Walter P. Brady ("Plaintiff"), individually and on behalf of all other persons

similarly situated, by his undersigned attorneys, for his Class Action Complaint against

defendants, alleges upon personal knowledge as to himself and his own acts, and upon

information and belief as to all other matters, based on, *inter alia*, the investigation conducted by

and through his attorneys, which included, among other things: a review of the defendants'

public documents; conference calls and announcements made by defendants; Securities and

Exchange Commission ("SEC") filings; wire and press releases published by and regarding

Mecox Lane Limited ("Mecox" or the "Company"); securities analysts' reports and advisories

about the Company; and information readily obtainable on the Internet.

## NATURE OF THE ACTION

1.      This is a securities fraud class action on behalf of persons or entities who

purchased Mecox American Depositary Shares ("ADS") pursuant and/or traceable to the

Company's Registration Statement and Prospectus (collectively, the "Registration Statement")

issued in connection with the Company's October, 26, 2010 initial public offering (the "IPO" or

the "Offering") seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act"). This class action is brought under Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l and 77o.

2.      On October 26, 2010, the Company announced the pricing of its IPO of 11,742,857 ADS, each representing seven ordinary shares of the Company, price at $11.00 per ADS. In connection with the IPO, 9,714,286 ADS were offered by the Company and 2,028,571 ADS were offered by certain selling shareholders. The total price to the public in connection with this offering was over $128.97 million, with underwriters' discounts and commissions totaling over $9.041 million, shares sold by the selling shareholders totaling over $22.314 million, and shares sold by the Company totaling $106.857 million. In connection with the IPO, the Company filed a Registration Statement with the SEC which provided the Company's financial results for the fiscal years ended December 31, 2007, 2008 and 2009, as well as certain financial information for the Company's quarterly periods ended March 31, 2010 and June 30, 2010.

3.      In connection with the Company's IPO, Defendants, in the Registration Statement failed to disclose at the time of the IPO that: (1) it was already foreseeable that Mecox would not be able to achieve results for the third quarter of 2010 that were in line with either historical growth trends or defendants' guidance; (2) the Company had already experienced disappointing results for the third quarter ended September 30, 2010 - including a significant decline in gross margins that were adversely impacted by increased costs and expenses which made it impossible for Mecox to achieve its projected results; (3) defendants had not conducted an adequate due diligence investigation into Mecox; (4) the Company lacked adequate internal and financial controls; and (5) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

2

4.     On November 29, 2010, Mecox disclosed disappointing financial results for the third quarter of 2010, including a decline in gross margins of almost 400 basis points year-over-year, a 20.4% increase in Selling, General and Administrative expenses, and a 19.8% increase in Operating expenses. These increases were driven, in part, by an 11.6% increase in marketing expenses and a 40.2% increase in competition and benefits expenses. Moreover, while the Company reported a significant increase in net income for the quarter, all of that increase was from an interest depreciation charge-off, without which the Company would have reported a loss for the quarter of between $3.50 and $4.00.

5.     As a result of the disclosures, Mecox ADS declined $6.73 or more than 57% on November 30 and December 1.

6.     As a result of defendants' wrongful acts and omissions, and the precipitous declines in the market value of the Company's securities, Plaintiff and the other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l and 77o.

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 22 of the Securities Act, 15 U.S.C. § 77v.

9.     Venue is proper in this District pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, and 28 U.S.C. § 1391(b). Mecox ADS are traded on the Nasdaq Global Market ("Nasdaq") which is located in the Southern District of New York. Defendant Mecox is a foreign or "alien" corporation doing significant business in this District, and may properly be sued in the Southern District of New York.

3

10.     In connection with the challenged conduct, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

11.     Plaintiff Walter P. Brady, as set forth in the accompanying certification, incorporated by reference herein, purchased Mecox ADS pursuant and/or traceable to the Company's materially false and misleading Registration Statement issued by defendants in connection with the October 2010 IPO, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.     Defendant Mecox is a Chinese corporation with its principal executive offices located at 22nd Floor Gems Tower Building 20, Number 487 Tianlin Road, Shanghai, 200233, China.  The Company operates China's leading online platform for apparel and accessories as measured by revenues in 2009, offering a wide selection of fashion products through its e-commerce website and physical store network.  Mecox is actively traded on Nasdaq under the ticker symbol "MCOX."

13.     Defendant Neil Nanpeng Shen ("Shen") was at all relevant times herein the Company's Chairman of the Board of Directors ("Board").  Defendant Shen signed the materially false and misleading Registration Statement and filed with the SEC the materially false and misleading Prospectus issued in connection with the IPO. In connection with the IPO, defendant Shen or entities associated and/or controlled by him sold at least 2.230 million shares of the Company, or 318,573 ADS valued at over $3.504 million at the IPO Offering price.

4

14.     Defendant John J. Ying ("Ying") was at all relevant times herein the Company's Vice Chairman of the Board.  Defendant Ying signed the materially false and misleading Registration Statement and filed with the SEC the materially false and misleading Prospectus issued in connection with the IPO.

15.     Defendant Paul Bang Zhang ("Zhang") was at all relevant times herein the Company's Chief Financial Officer and Senior Vice President.  Defendant Zhang signed the materially false and misleading Registration Statement and filed with the SEC the materially false and misleading Prospectus issued in connection with the IPO.

16.     Defendant Alfred Beichun Gu ("Gu") was at all relevant times herein the Company's Chief Executive Officer and a member of the Board.  Defendant Gu signed the materially false and misleading Registration Statement and filed with the SEC the materially false and misleading Prospectus issued in connection with the IPO.  In connection with the IPO defendant Gu or entities associated and/or controlled by him sold at least 3.5 million shares of the Company, or 500,000 ADS valued at over $5.50 million at the IPO Offering price.

17.     Defendant Kelvin Kenling Yu ("Yu") was at all relevant times, herein was a member of the Company's Board.  Defendant Yu signed the materially false and misleading Registration Statement and filed with the SEC the materially false and misleading Prospectus issued in connection with the IPO.

18.     Defendant Anthony Kai Yiu Lo ("Lo") was, at all relevant times, was a member of the Company's Board.  Defendant Lo signed the materially false and misleading Registration Statement and filed with the SEC the materially false and misleading Prospectus issued in connection with the IPO.

19.     Defendant David Jian Sun ("Sun") was, at all relevant times, was a member of the Company's Board.  Defendant Sun signed the materially false and misleading Registration Statement and filed with the SEC the materially false and misleading Prospectus issued in connection with the IPO.

20.     The defendants referenced above in ¶¶ 13-19 are collectively referred to herein as the "Individual Defendants."

21.     Defendant UBS AG ("UBS") was an underwriter of the Company's initial public offering and assisted in the preparation and dissemination of Mecox's IPO materials.  UBS's main offices are located at 299 Park Avenue, New York, New York 10171.

22.     Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") was an underwriter of the Company's initial public offering and assisted in the preparation and dissemination of Mecox's IPO materials.  Credit Suisse has a location at 11 Madison Avenue, New York, New York 10010.

23.     Defendant Oppenheimer & Co. Inc. ("Oppenheimer") was an underwriter of the Company's initial public offering and assisted in the preparation and dissemination of Mecox's IPO materials.  Defendant Oppenheimer's headquarters are located at 125 Broad Street, 14th Floor, New York, NY 10004.

24.     Defendant Roth Capital Partners LLC ("Roth") was an underwriter of the Company's initial public offering and assisted in the preparation and dissemination of Mecox's IPO materials.  Defendant Roth's corporate headquarters are located at 24 Corporate Plaza Drive, Newport Beach, CA 92660.

25.     The defendants referenced above in ¶¶ 21-24 are collectively referred to herein as the "Underwriter Defendants."

26.     The Individual Defendants, together with Defendant Mecox and the Underwriters Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background**

27.     Mecox operates an Internet commerce website.  The Company retails men's, women's and children's apparel and household accessories under its own brand and under third party labels.  The Company had approximately 1.9 million active customer for its online platform as of December 31, 2009, and approximately 2.1 million as of June 30, 2010.  In March 2010, Mecox Lane incorporated Mecox Lane (Hong Kong) Limited, its wholly owned subsidiary in Hong Kong. Mecox Lane's online platform offers products under its own brands, such as Euromoda and Rampage, and under selected third-party brands, including established international and Chinese brands, such as Adidas, Daphne, Kappa and Li Ning, as well as independent and emerging brands.  It conducts its business through Shanghai MecoxLane International Mailorder Co., Ltd.  As of June 30, 2010, its store network comprised 478 stores in 182 cities across China, including 320 franchised stores and 158 directly operated stores.

**Defendants' False and Misleading Statements**

28.     On or about October 26, 2010, the Company conducted its IPO of 11,742,857 ADS at a price of $11.00 per share.  In connection with the IPO, the Company filed with the SEC a Registration Statement and a Prospectus.  The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.  The Registration Statement, in relevant part, contained the Company's financial results for the fiscal years ended December 30, 2007,

7

2008, and 2009, as well as certain financial information about the Company's quarterly periods

ended March 31, 2010 and June 30, 2010.

29.     Additionally, the Company represented in the Registration Statement, in relevant

part, the following:

> *Segment Gross Profit.*  Our total segment gross profit increased by 36.0%
> from $35.1 million for the six months ended June 30, 2009 to $47.7
> million for the six months ended June 30, 2010, due to increases in gross
> profits attributable to our online platform, directly operated stores and
> franchised stores.  Our segment gross margin was 44.1% for the six
> months ended June 30, 2010, compared to 46% for the six months ended
> June 30, 2009.

\*\*\*

> *Operating Expenses*
>
> Our operating expenses were $23.5 million, $44.7 million and $71.8
> million in 2007, 2008 and 2009, respectively.  Our operating expenses
> were $30.1 million and $44.7 million for the six months ended June 30,
> 2009 and 2010, respectively.
>
> *Selling, General and Administrative Expenses.*  Our selling, general and
> administrative expenses primarily consist of compensation and benefits for
> our directly operated store and corporate office employees, marketing and
> advertising expenses, rental of directly operated stores, call centers,
> logistics center and corporate facilities, costs for sample product
> development, freight expenses associated with moving merchandise from
> our logistics center to stores, and legal, finance, information systems and
> other corporate overhead expenses.     Our selling, general and
> administrative expenses also include share-based compensation expenses,
> as described below. In 2007, 2008 and 2009, our selling, general and
> administrative expenses were $23.1 million, $43.3 million and $68.5
> million, representing 37.7%, 40.3% and 38.6% of our net revenues for the
> same periods, respectively. For the six months ended June 30, 2009 and
> 2010, our selling, general and administrative expenses were $28.6 million
> and $42.6 million, representing 37.4% and 39.4% of our net revenues for
> the same periods, respectively.

\*\*\*

> We experienced fluctuation in our quarterly selling, general and
> administrative expenses generally corresponding to fluctuation in our
> quarterly net revenues. Our selling, general and administrative expenses
> for the fourth quarter of 2009 and the first quarter of 2010 were relatively

8

high primarily due to our hiring of more employees to enable the growth of our business and our enhanced marketing efforts, particularly online advertising and distribution of e-mails and SMS.

30.     In addition, the Registration Statement represented that the Company maintained an adequate system of internal controls, sufficient to monitor and accurately report Mecox's inventory and gross margins, in part, as follows:

> Management Information System
>
> We have developed a proprietary management information system tailored for our operations. We continue to develop our management information system to integrate two dimensions of our business:
>
> • *Front-end integration.* All our sales operations are supported by our centralized management information system and share the same customer database, which enables us to generate synergy between our online platform and stores.
>
> • *Back-end integrated.* Our management information system also supports other parts of the business flow including procurement, inventory management, order processing, and distribution. The integration enables a better control of inventory and gross margin, as well as improves efficiency.

31.     The statements referenced above in ¶¶ 28-30 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them at the time of the IPO that: (1) it was already foreseeable that Mecox would not be able to achieve results for the third quarter of 2010 that were in line with either historical growth trends or defendants' guidance; (2) the Company had already experienced disappointing results for the third quarter ended September 30, 2010, prior to the IPO - including a significant decline in gross margins that were adversely impacted by increased costs and expenses which made it impossible for Mecox to achieve its projected results prior to and at the time of the IPO; (3) defendants had not conducted an adequate due diligence investigation into Mecox; (4) the Company lacked adequate internal and

9

financial controls; and (5) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

## The Truth Begins to Emerge

32. On November 29, 2010, after the market closed, the Company issued a press release announcing its financial results for the third quarter ended September 30, 2010. The Company reported net revenue of $55.3 million, net income of $0.8 million and $0.013 diluted earnings per ADS, as compared to net revenue of $40.7 million, net income of $0.2 million and $0.005 diluted earnings per ADS for the same period in the prior year. The Company also disclosed a decline in gross margins of almost 400 basis points year-over-year, a 20.4% increase in Selling, General, and Administrative expenses, and a 19.8% increase in Operating expenses. These increases were driven, in part, by an 11.6% increase in marketing expenses and a 40.2% increase in compensation and benefits expenses. Moreover, while the Company reported an increase in third quarter net income, all of the increase came from an interest depreciation charge-off, without which the Company would have reported a loss for the quarter of between $3.50 and $4.00.

33. As a result of the disclosures, Mecox ADS dropped $5.23 or more than 39% to close at $8.15 on November 30, 2010. The ADS continued to decline on the next trading session where it declined an additional $1.50 or more than 18%, to close at $6.65. Cumulatively, the Company's ADS declined $6.73 or more than 57% during the two trading sessions.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf a Class, consisting of all those who purchased Mecox ADS pursuant and/or traceable to the Company's Registration Statement issued in connection with the

10

Company's October 2010 IPO. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

35.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the relevant times, Mecox ADS were actively traded on the Nasdaq. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Mecox or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

36.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

37.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

38.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Securities Act was violated by defendants' acts as alleged herein;
- whether statements made by defendants to the investing public during in the Registration Statement misrepresented material facts about the business, operations and management of Mecox; and

• whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## CLAIMS FOR RELIEF
### COUNT I
#### (Against All Defendants
#### For Violation of Section 11 of the Securities Act)

40.     Plaintiff repeats and realleges each and every allegation contained above, except any allegations of fraud, recklessness or intentional misconduct. This count is predicated upon Defendants' strict liability for making false and materially misleading statements in the Registration Statement.

41.     This claim is asserted by Plaintiff against all defendants by, and on behalf of, persons who acquired shares of the Company's securities pursuant to and/or traceable to the false Registration Statement issued in connection with the October 2010 IPO.

42.     Individual Defendants as signatories of the Registration Statement, as directors and/or officers of Mecox and controlling persons of the issuer, owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct, and that there was no omission of material facts required to be stated in order to make the statements contained therein not

12

misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement as set forth herein. As such, defendants are liable to the Class.

43.    Underwriter Defendants owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct, and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement as set forth herein. As such, defendants are liable to the Class.

44.    None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

45.    Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public which were contained in the Registration Statement, which misrepresented or failed to disclose, *inter alia,* the facts set forth above. By reason of the conduct herein alleged, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

46.    As a direct and proximate result of defendants' acts and omissions in violation of the Securities Act, the market price of Mecox's securities sold in the IPO was artificially

inflated, and Plaintiff and the Class suffered substantial damage in connection with their ownership of Mecox's securities pursuant to the Registration Statement.

47.     Mecox is the issuer of the securities sold via the Registration Statement.  As issuer of the securities, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

48.     At the times they obtained their shares of Mecox, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements or omissions alleged herein.

49.     This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement which should have been made through the exercise of reasonable diligence, and within three years of the effective date of the Prospectus.

50.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from the defendants and each of them, jointly and severally.

## COUNT II

### Against All Defendants
### for Violations of Section 12(a)(2) of the Securities Act

51.     Plaintiff repeats and realleges each and every allegation contained above, except any allegations of fraud, recklessness or intentional misconduct.

52.     For purposes of this action, Plaintiff expressly disclaims and excludes any allegations that could be construed as alleging fraud or intentional or reckless misconduct as this cause of action is based expressly on claims of strict liability and/or negligence under the Securities Act.

14

53.    Defendants were sellers, offerors, underwriters and/or solicitors of sales of the Mecox ADS offering pursuant to the October 2010 IPO.

54.    The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and concealed and failed to disclose material facts. Defendants' actions of solicitation included participating in the preparation of the false and misleading Registration Statement.

55.    Defendants owed to the purchasers of Mecox ADS which were sold in the October 2010 IPO, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement, to insure that such statements were true, and that there was not omission to state a material fact required to be stated in order to make the statements contained therein not misleading. These Defendants knew of, or in the exercise of reasonable care should have known of, the misstatements and omissions contained in the Offering materials as set forth above.

56.    Plaintiff and other members of the Class purchased or otherwise acquired Mecox ADS pursuant to and traceable to the defective Registration Statement. Plaintiff did not know, or in the exercise of reasonable diligence could not have known of the untruths and omissions.

57.    Plaintiff, individually and representatively, hereby offers to tender to Defendants those securities which Plaintiff and other class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the considerations paid for those securities together with interest thereon.

58.    By reason of the conduct alleged herein, these Defendants violated, and/or controlled a person who violated, section 12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold Mecox ADS purchased pursuant and/or traceable to the

15

October 2010 IPO have the right to rescind and recover the consideration paid for their Mecox ADS and, hereby elect to rescind and tender their Mecox ADS to the Defendants sued herein. Plaintiff and class members who have sold their Mecox ADS are entitled to rescissionary damages.

59.     Less than three years elapsed from the time that the securities upon which this count is brought were sold to the public to the time of the filing of this action. Less than one year elapsed from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this count is based to the time of the filing of this action.

## COUNT III

### Violation of Section 15 of The Securities Act
### Against the Individual Defendants

60.     Plaintiff repeats and realleges each and every allegation contained above, excluding all allegations above that contain facts necessary to prove any elements not required to state a Section 15 claim, including without limitation, scienter.

61.     This count is asserted against Individual Defendants and is based upon Section 15 of the Securities Act.

62.     Individual Defendants, by virtue of their offices, directorship and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Mecox within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause Mecox to engage in the acts described herein.

63.     Individual Defendants' position made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

16

64.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Awarding compensatory damages in favor of Plaintiff and the other class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs;

D.     Awarding rescissionary damages; and

E.     Awarding such equitable, injunctive or other relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues that may be so tried.

Dated: January 4, 2011

POMERANTZ HAUDEK GROSSMAN
& GROSS LLP

By:

Marc I. Gross
Fei-Lu Qian
100 Park Avenue, 26th Floor

17

New York, New York 10017
Telephone: 212-661-1100
Facsimile: 212-661-8665

**POMERANTZ HAUDEK GROSSMAN
& GROSS LLP**

Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Phone: 312-377-1181
Fax: 312-377-1184

*Counsel for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.     I, Walter P. Brady, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 as amended by the Private Securities Litigation Reform Act of 1995.

2.     I have reviewed a Complaint against Mecox Lane Limited ("Mecox"), and authorize the filing of a comparable complaint on my behalf.

3.     I did not purchase Mecox securities at the direction of plaintiffs counsel or in order to participate in any private action arising under the Securities Act of 1933.

4.     I am willing to serve as a representative party on behalf of a Class of investors who purchased Mecox pursuant and/or traceable to the Company's October 2010 initial public offering, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.     To the best of my current knowledge, the attached sheet lists all of my transactions in Mecox securities.

6.     During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws, except as follows:

7.     I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Executed  ___1/3/11___ , at  ___MAHOPAC New YorK  1054___
           (Date)                 (City, State)

         ___Walter Brady___
                 (Signature)

         ___WALTER BRADY___
              (Type or Print Name)

## SUMMARY OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES | PRICE PER SHARE |
|------|------------------|------------------|-----------------|
| 11/16/10 | Purchase | 300 | $16.76 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |